# CURIS LAW, PLLC
52 Duane Street, Floor 7 | New York, NY 10007
Tel: 646.335.7220 | Fax: 315.660.2610
www.curislaw.com

March 25, 2025

**VIA ECF**
The Honorable Polk Failla
United States Courthouse
Southern District of New York
500 Pearl St.
New York, NY 10007-1312



*Re*: *Doe v. Alexander 25-cv-2111*

Dear Judge Failla:

We write on behalf of Plaintiff Jane Doe ("Plaintiff"), in response to defendant's letter motion, dated March 24, 2025, pursuant to which Defendants request leave to file a motion to dismiss Plaintiff's Complaint.

The Defendant intends to move for dismissal of the Complaint on the grounds that Plaintiff's claims are time-barred and/or preempted by state law. Before reaching the issues raised by Defendant concerning a Motion to Dismiss, Plaintiff intends to file a Motion to Remand this matter to state court.

The Defendant intends to move for dismissal of the Complaint on the grounds that Plaintiff's claims are time-barred and/or preempted by state law. Before reaching the issues raised by Defendant concerning a Motion to Dismiss, Plaintiff intends to file a Motion to Remand this matter to state court.

Defendant removed this matter to the U.S. District Court for the Southern District of New York on March 13, 2025. The purported basis for the removal is diversity jurisdiction. While Plaintiff concurs that the amount in controversy far exceeds $75,000.00, Plaintiff does not agree that diversity exists. The Defendant is presently incarcerated in the State of New York and there is no evidence that the Defendant is or was domiciled in the State of Florida at the time of the incident. The Defendant, in his removal petition, attaches only a self-serving affidavit declaring that he is a permanent resident of Florida. It is a matter of public record that the Defendant owns numerous properties in the State of New York, one of which may be his actual permanent residence and domiciliary located in the State of New York. A removal based solely upon a defendant's declaration, with out more, fails to meet the burden of proof to support the removal.

"On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Pizarro v. Langer Transp. Corp.*, 21 Civ. 5439 (ER)(S.D.N.Y. Nov. 16, 2021) *citing Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted)." Removal statutes are to be strictly construed **against** removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco Inc*., 498 F.Supp.2d 711, 715 (S.D.N.Y. 2007) (emphasis added)(citations omitted). The Second Circuit has explained this is based on ". . . congressional intent to restrict federal court jurisdiction as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l. Inc*., 28 F.3d 269, 274 (2d Cir.1994).

Given that the Defendant has failed to produce any actual evidence of domicile to meet the high burden of proof, it is anticipated that this matter will be remanded to state court.

Thus, Plaintiff proposes the following briefing schedule with respect to the Motion to Remand and any response thereto:

**April 12, 2025** – Plaintiff's Motion to Remand

**April 26, 2025** – Defendant's Opposition Due

**May 1, 2025** – Plaintiff's Reply Due

If not moot, a briefing schedule for Defendant's Motion to Dismiss may be submitted following disposition of the Motion to Remand. In the event that Plaintiff's Motion to Remand is denied, Plaintiff intends to oppose Defendant's argument that the claims are time barred because those arguments are baseless.

The crux of Defendant's argument pursuant to Federal Rule 12(b)(6) is that the Victims of Gender-Motivated Violence Protection Law ("VGMVPL") cannot apply retroactively and that Plaintiff's claims regarding the sexual abuse she suffered should therefore be dismissed.

As originally enacted, the VGMVPL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired. Neither §10-1104 nor §10-1105 have express provisions that apply the VGMVPL to causes of actions accruing before its 2000 enactment.

Defendants' arguments are contrary to the VGMVPL's primary intention: to make it easier for victims of gender-motivated violence to seek civil remedies in court—not, as Defendants would have it, make it harder. New York City passed the VGMVPL "[i]n light of the void left by the Supreme Court's decision," *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority under the Commerce Clause and the Fourteenth Amendment to pass such a remedy. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones*, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding VGMVPL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the VGMVPL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("In summary, there is no timeline on processing trauma. Not passing this Bills means we would be denying what it means to be fundamentally human and denying the research and the science that it takes some of us longer than other, not only to come forward, but to tell our story."), 131 ("I am here to tell you that a victim doesn't have a set time for when they came come forward. . . . Please pass the amendment to allow the window for justice to be pursued by all victims of gender-motivated violence." (emphasis added)). "Based on an analysis of statutory text and history" it is clear that "the legislative body intended [the VGMVPL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1. Based on the foregoing, it is apparent that the Complaint is not time barred and the claims against the Company Defendants are valid.

Thank you, in advance, for considering this correspondence. We look forward to hearing from Your Honor with respect to the above proposed briefing schedule.

Respectfully,

*Antigone Curis*

Antigone Curis

The Court has reviewed Defendant's requests (i) to withdraw his motion to dismiss and (ii) for a pre-motion conference. (Dkt. #5, Dkt. #9). The Court grants those requests.

In light of the parties' submissions, the initial pre-trial conference scheduled for **April 16, 2025, at 10:30 a.m.**, is hereby converted to a pre-motion conference to address the issues raised by the parties, including Plaintiff's proposed motion to remand.

As before, the conference will be telephonic. The dial-in information is as follows: On April 16, 2025, at 10:30 a.m., the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Clerk of Court is directed to terminate the pending motions at docket entries 5 and 9.

Dated:    March 26, 2025        SO ORDERED.
          New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE